UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL C. BARR,

                 Plaintiff                 09 CV 5238 (RPP)
    - against -

                                             **OPINION AND ORDER**

BRIAN SULLIVAN,

                 Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Plaintiff, an Executive Search Professional employed from August 30, 2005 to March 19, 2009 by CTPartners LLC f/k/a Christian & Timbers LLC (hereinafter "CT"), an executive search firm, brings this defamation action against Brian Sullivan, Chief Executive Officer of CT.  (Compl. ¶¶ 6-7.)  In the fall of 2008, a dispute arose over bonuses payable to partners, culminating on March 18, 2009 when Defendant "in effect, terminated the Plaintiff's Employment Agreement."  (Compl. ¶¶ 8-15.)  Plaintiff asserts that in a voicemail broadcast to approximately 30 partners and principals of CT on March 18, 2009, "shortly after Plaintiff and Defendant Sullivan had their final conversation," Defendant falsely stated as fact that 1) Plaintiff had resigned, 2) Plaintiff blamed CT for the downturn in CT's business, and 3) Plaintiff did not want to be part of CT's team.  (Compl. ¶¶ 18-19.)

      Defendant has moved to dismiss Plaintiff's complaint on the ground that Plaintiff's defamation claim is subject to arbitration pursuant to Plaintiff's employment agreement with CT (the "Employment Agreement"), or in the alternative, stay this action pending a motion to compel arbitration to be filed in Ohio.  As a threshold matter, Plaintiff argues that this Court should not consider the Employment Agreement in ruling

on the instant motion.  Because he did not attach the document to his complaint or rely on its terms, Plaintiff argues that the Employment Agreement was impermissibly relied upon by Defendant in his motion.  Plaintiff further argues that because he is suing Defendant in his individual capacity, his defamation claims are unrelated to the employment relationship and outside the scope of the Employment Agreement.

Plaintiff's suggestion that the Court should not consider the Employment Agreement is without merit.  The Court may consider, among other things, documents upon whose terms the complaint relies.  <u>Int'l Audiotext Network, Inc. v. Am. Telephone & Telegraph Co.</u>, 62 F.3d 69, 72 (2d Cir. 1995).  Plaintiff does not explicitly rely on the Employment Agreement.  Nevertheless, it is cited in his complaint, which brings a claim against the CEO of CT alleging conduct directly related to the termination of his employment relationship with CT.  Further, the subject matter of Plaintiff's claims – post-termination defamation – is explicitly included in the arbitration provision of the Employment Agreement.

Paragraph 11 of the Employment Agreement provides that:

All controversies, claims, disputes, and matters in question, arising out of or relating to this Agreement or the breach thereof, or arising out of or relating to the employment relationship, shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

The same paragraph further provides that "[c]ontroversies, claims disputes and matters in controversy arising out of the employment relationship" include, among other matters, "claims of post-termination defamation."

Before turning to the substance of the arguments, the parties argue over a procedural matter that proves to be of little moment.  In this dispute over whether federal

or state law should be applied, Plaintiff is correct in asserting that, due to the choice-of-law provision contained within the arbitration clause of the Employment Agreement, a court must apply Ohio law when determining the validity and applicability of the arbitration agreement.  See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 50-51 (2d Cir. 2004).  However, Defendant correctly points out that the position Ohio courts have taken with regard to arbitrability is in accord with the federal doctrine.  In fact, the Ohio decision upon which Plaintiff correctly relies, I Sports v. IMG Worldwide, Inc., 813 N.E.2d 4 (Ohio Ct. App. 2004), largely draws upon the Second Circuit precedent of Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64  F.3d 773 (2d Cir. 1995) in establishing the Ohio courts' arbitrability doctrine.  Consequently, the choice-of-law dispute does not affect the outcome of this decision.

It is clear that the agreement to arbitrate contained in the Employment Agreement applies to the substance of Plaintiff's claims and that the alleged defamation relates to injury to Plaintiff's professional reputation.  The sole remaining question in dispute is whether the agreement to arbitrate may be invoked by Defendant Sullivan, CEO of CT, who was a not a signatory to the Employment Agreement.

Arbitration clauses may be applied to non-signatories under a variety of theories.  The disagreement arises over whether the facts alleged in the complaint call for such an application.  The parties also disagree as to whether Plaintiff's claim arises out of or relates to his employment relationship with CT.

Under the law of agency, "[i]t has been recognized that the agency exception may be invoked when the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may

3

evisceration of the underlying arbitration agreement between the signatories be avoided." I Sports, 813 N.E.2d at 11. Though not himself a signatory to the agreement at the time the alleged defamation took place, Defendant is or was the CEO of the company that was a signatory to the Plaintiff's Employment Agreement. By claiming that the allegedly defamatory statements at issue were made by Defendant in his individual capacity, Plaintiff hopes to effect just the type of evisceration the agency theory is designed to avoid.

This Court has stated that "[a]cts by employees of one of the parties to an agreement are equally arbitrable as acts of the principals as long as the challenged acts fall within the scope of the agreement." Gateson v. Aslk-Bank, N.V., 94 CV 5849 (RPP), 1995 WL 387720, at *5 (S.D.N.Y. June 29, 1995). The facts in that case were similar to the one at hand. In Gateson, the plaintiff brought a Title VII sex discrimination claim against her former employer, but the defendant successfully argued that such a claim was subject to arbitration pursuant to plaintiff's employment agreement. In compelling arbitration, the Court stated that "[g]enerally, a broad arbitration clause requires a court to refer any disputes between parties to arbitration." Id. at *3. Similarly, this Court has recognized "the oft-repeated affirmance by our appellate courts of an overriding federal policy favoring arbitration, and that any doubt as to the arbitrability of an issue should be resolved in favor of arbitration." Miletic v. Holm & Wonsild, 294 F. Supp. 772, 775 (S.D.N.Y. 1968). For these reasons, despite the fact that he was not personally a signatory to the Employment Agreement, the Court finds that Defendant Sullivan may invoke the agreement to arbitrate under a theory of agency.

The Employment Agreement expressly states that "[c]ontroversies, claims, disputes and matters in controversy arising out of the employment relationship include… claims of post-termination defamation" and that all such claims are subject to arbitration in Ohio.  Nonetheless, Plaintiff contends that his post-termination defamation claims do not arise out of the employment relationship and thus are not necessarily subject to arbitration.  Plaintiff alleges that Defendant made the following three statements: 1) that Plaintiff had resigned, 2) that Plaintiff blamed the company for its own financial decline, and 3) that Plaintiff did not want to be a part of the company's team.  Defendant asserts that each of the purported statements "clearly relates to Defendant's efforts to manage [CT's] business," and thus relates to or arises out of the employment relationship.  (Def. Mem. at 4.)  Plaintiff admits that the first statement "[arguably] did touch upon Plaintiff's duties as an employee," but asserts that a closer nexus is required for the claim of defamation to be governed by the arbitration clause of the employment agreement.  (Pl. Opp'n Mem. at 11.)  Plaintiff additionally maintains that the other statements were "even further removed from the Employment Agreement."  (Id.)  This Court, however, has consistently construed such arbitration clauses covering all controversies "relating to" employment relationships very broadly.  See Int'l Talent Group, Inc. v. Copyright Mgmt., Inc., 629 F. Supp. 587, 592 (S.D.N.Y.1986).  And, regardless of the varying characterizations the parties provide for the statements allegedly made by the Defendant, the plain language of the Employment Agreement demands that post-termination defamation claims be subject to arbitration in Ohio.

As noted by Defendant, this Court lacks the authority to compel arbitration outside this district.  Defendant therefore asks that the Court dismiss this action without

5

prejudice or, in the alternative, stay this action pending a motion to compel arbitration to be brought in Ohio. Rather than staying the proceedings, the Court may dismiss the claim when "[t]he scope of [the employment] agreement encompasses all of Plaintiff's claims before this court, and there is therefore no reason to stay the proceedings pending arbitration." Imperatore v. Putnam Lovell NBF Sec. Inc., 05 CV 4966 (RPP), 2006 WL 648214, at *6 (S.D.N.Y. Mar. 15, 2006).

Defendant's Motion is therefore granted and Plaintiff's claims are dismissed without prejudice to Plaintiff's bringing such claims in the arbitration proceeding currently pending between Plaintiff and CT in Ohio.

IT IS SO ORDERED.

Dated: New York, New York
November 20, 2009

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this order were faxed to:

*Counsel for Plaintiff:*
Christopher S. Rooney
Lally Mahon & Rooney LLP
220 Old Country Road
Garden City, NY 11501
516-741-2666
Fax: 516-742-8533

*Counsel for Defendant:*

James R Williams
Ravindra Kumar Shaw
Jackson Lewis LLP
59 Maiden Lane 39th Floor
New York, NY 10038
212-545-4000
Fax: 212-972-3213